UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE and JESSICA DOE<br>*as next friend of their minor child*,<br>JANE DOE<br>                *Plaintiffs*<br><br>v.<br><br>LAKE SUNAPEE YACHT CLUB, and<br>JUSTIN DAVIS<br>                *Defendants* | CIVIL ACTION NO. 1:24-cv-341 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

In this case, Plaintiff Jane Doe—a fourteen year old female—was sexually harassed for weeks at work by her much older supervisor, executive chef Justin Davis. Because of her minor status, and because this case involves allegations of sexual misconduct against a minor, Jane Doe and her parents, John Doe and Jessica Doe, should be permitted to bring this suit anonymously to protect Jane Doe's privacy.

**DISCUSSION**

In general, a complaint must state the names of all parties. *See Fed. R. Civ. P.* 10(a), 17(a)(1); *see also Doe v. MIT*, 46 F.4th 61, 63 (1st Cir. 2022). Courts, however, recognize that "there may be exceptional circumstances warranting some form of anonymity in judicial proceedings." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000); *see also Doe v. Town of Lisbon*, 78 F.4th 38, 47 (1st Cir. 2023) (observing that "the federal rules and practice allow for pseudonymous litigation in appropriate cases"). "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the

customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992); *see also MIT*, 46 F.4th at 72. (observing that district courts have broad discretion "as to whether that need [for anonymity] outweighs the public's transparency interest.").

Because Jane Doe is a minor, and because this case involves allegations that she was sexually harassed at work, she should be permitted to bring this lawsuit anonymously. As an initial matter, the Federal Rules of Civil Procedure contain strong protections for minors. *See MIT*, 46 F.4th at 70 ("the Civil Rules already provide a categorical exception with respect to minors"). Rule 5.2 provides, in relevant part, that "in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor, . . . a party or nonparty making the filing may include only . . . the minor's initials." *Fed. R. Civ. P.* 5.2(a)(3). Additionally, Courts may also enter an order requiring the redaction of "additional information," including initials, upon a showing of "good cause." *Fed. R. Civ. P.* 5.2(e).

The First Circuit has not yet addressed whether a minor plaintiff may proceed anonymously, but other circuits have. Recognizing the "heightened protection" appropriate for minor plaintiffs, *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004), courts frequently allow minor plaintiffs to proceed under pseudonyms. *Id.*, *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children."); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (noting "the youth" of plaintiffs is often "a significant factor in the matrix of considerations arguing for anonymity" and finding plaintiffs' youth to be an "especially persuasive" factor justifying anonymity); *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KCS, 2017 WL 6541446, at

2

\*5 (S.D. Cal. Dec. 20, 2017) ("[C]hild-plaintiffs are deemed to be especially vulnerable, warranting their anonymity.").

In this case, Jane Doe is especially vulnerable. She is a minor child who was solicited to appear in pornography and who seeks redress from an influential and financially powerful cohort of the citizens in her small community. If the information concerning the sexual harassment she endured is made public, she faces public ridicule and approbation.

Jane Doe's parents should also be allowed to proceed using pseudonyms. Courts customarily allow both minors and their parents or guardians to proceed under pseudonyms where the interests of minors are at stake. *See Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 724 (7th Cir. 2011), *vacated on other grounds*, 687 F.3d 840 (7th Cir. 2012); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at \*2 (D. Kan. July 12, 2018) (permitting plaintiffs to proceed anonymously because the parents and child "share common privacy interests based on their inseparable relationship to one another" and "[o]rdering disclosure of the parents' identities would place—in effect—personally identifiable and confidential information about" the child "in the public record"); *Doe v. Banos*, 713 F. Supp. 2d 404, 407 (D.N.J. 2010) (stating that the pseudonym of father and daughter was "used to protect the identity of a 15-year-old minor."); *Stegall*, 653 F.2d at 186; *Porter*, 370 F.3d at 561.

Identifying the minor plaintiff's parents by name effectively would identify the minor plaintiff. Because the Complaint challenges the sexual harassment of Defendants, it necessarily pleads highly detailed information about the minor plaintiff.

## **CONCLUSION**

For the foregoing reasons, Jane Doe, and her parents, John Doe and Jessica Doe, should be permitted to proceed anonymously.

Dated: October 21, 2024    By: */s/ Pierre A. Chabot*
                                                      Pierre A. Chabot (Bar No. 17606)
                                                      Richard P. Driscoll (Bar No. 273678)
                                                      111 Amherst Street
                                                      Manchester, NH 03101
                                                      (603) 669-1000
                                                      pchabot@devinemillimet.com
                                                      rdriscoll@devinemillimet.com