UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Doe and Jessica Doe
*as next friend of their minor child,*
Jane Doe

     v.                                              Civil No. 24-cv-341-TSM

Lake Sunapee Yacht Club, Inc.
and Justin Davis

### ORDER ON PLAINTIFFS' MOTION
### FOR LEAVE TO PROCEED UNDER PSEUDONYMS

Plaintiffs, John and Jessica Doe, as next friend of their minor child, Jane Doe, bring this employment discrimination action against Lake Sunapee Yacht Club, Inc. ("LYSC") and its employee, Justin Davis ("Davis"). Plaintiffs allege that Jane Doe was sexually harassed at work by Davis. Before the court is plaintiffs' motion to proceed under a pseudonym (Doc. No. 2). Defendants did not respond to the motion. For the reasons that follow, the motion is granted.

BACKGROUND

Jane Doe, a 14-year-old female, worked as a line cook for LYSC from June 15, 2023, to August 2, 2023. Doc. No. 1 at pgs. 3 & 7. During her employment, she was directly supervised by Davis, LYSC's executive chef. Id. at pg. 2. Plaintiffs allege that Jane Doe suffered a "barrage of unwelcome sexual conduct" from Davis. Id. at pg. 4.

For example, plaintiffs allege that Davis tried to make unwanted physical contact with Jane Doe, forcing her to flee to avoid his advances. Id. at pg. 4. Plaintiffs also allege that Davis discussed intimate details of his relationships with younger women in Jane Doe's presence and suggested that Jane Doe pursue pornographic opportunities. Id. at pgs. 4-5. These interactions

with Davis made Jane Doe uncomfortable; however, she was afraid to discuss these interactions with management due to Davis's control over her employment.  Id. at pg. 5.  Plaintiffs further allege that LYSC knew of Davis's behavior throughout the summer but failed to take any actions to stop his unlawful behavior.  Id. at pgs. 5, 7.

Plaintiffs now sue LYSC seeking relief under Title VII of the Civil Rights Act of 1964, New Hampshire RSA Chapter 354-A, and New Hampshire common law.  Id. at pg. 1.  Given the nature of the allegations and Jane Doe's age, plaintiffs request that the court permit Jane Doe to proceed anonymously to protect her privacy interests.  See Doc. No. 2.  Additionally, plaintiffs request anonymity in this litigation for Jane Doe's parents, arguing that disclosing their identities would compromise Jane Doe's privacy interests.  Id.  For the reasons that follow, plaintiffs' motion is granted.

## STANDARD OF REVIEW

"Litigation by pseudonym should occur only in 'exceptional cases.'"  Doe v. Mass. Inst. of Tech., 46 F.4th 61, 70 (1st Cir. 2022) (quoting Doe v. Megless, 654 F.3d 404, 408 (1st Cir. 2011)).  There is a "strong presumption" against proceeding by pseudonym, which the moving party bears the burden of rebutting.  Doe v. U.S., 707 F.Supp.3d 142, 143 (D.N.H. Dec. 18, 2023) (quoting Doe v. Mass. Inst. of Tech., 46 F.4th at 73).  In determining whether to grant pseudonymity a court looks to the "totality of the circumstances[,]" balancing "public and private interests[,]" and determining if the facts fit within the four non-exhaustive "paradigms" of cases that support pseudonymity.  See Doe v. Mass. Inst. of Tech., 46 F.4th at 70-71 (describing four non-exhaustive paradigms of cases that qualify for pseudonymity to assist lower courts in applying the totality test).

## DISCUSSION

Plaintiffs argue that "[b]ecause Jane Doe is a minor, and because this case involves allegations that she was sexually harassed at work, she should be permitted to bring this lawsuit anonymously." Doc. No. 2-1 at pg. 2. In support of their position, plaintiffs note that the Federal Rules of Civil Procedure contain "strong protections for minors." See Doc. No. 2-1 at pg. 2 (citing Doe v. Mass. Inst. of Tech., 46 F.4th at 70 ("the Civil Rules already provide a categorical exception with respect to minors.")). Plaintiffs further argue that anonymity is appropriate here due to the "heightened protection" given to minor plaintiffs. Id. The court agrees that anonymity for Jane Doe and her parents is justified because their privacy interests outweigh the public's interest in ascertaining their identity.

The First Circuit Court of Appeals has not directly addressed whether and under what circumstances a minor plaintiff may proceed under a pseudonym. However, other circuits recognize a party's minor status as a significant factor weighing in favor of anonymity. See, e.g., James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993) (noting that the age of the party whose privacy interests are sought to be protected is a factor for trial courts to consider in granting anonymity); Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004) (noting one of the considerations of whether to grant anonymity is "whether the plaintiffs are children"); Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981) (finding the minor status of the plaintiffs as "especially persuasive" in determining whether to grant pseudonymity); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 190 (2d Cir. 2008) (emphasis added) (considering "whether the plaintiff is particularly vulnerable to the possible harms of disclosure *particularly in light of his age*" when deciding whether to grant pseudonymity).

3

Here, the public interest is outweighed by the private interests of Jane Doe and her parents. There is a public interest in providing the names, or initials, of parties in litigation. See Doe v. Mass. Inst. of Tech., 46 F.4th at 68 (noting that openness of judicial proceedings ensures public accountability of the judicial system). Further, granting pseudonymity precludes the public from learning about a dispute "outside the facts and arguments in the record." Id. However, these interests are outweighed, where, as in the present case, a minor alleges sexual harassment against a private party. See Doc. No. 1 at pg. 1. See Doe v. USD No. 237 Smith Center School District, No. 16-cv-2801-JWL-TJJ, 2017 WL 3839416, *11 (D. Kan. Sep. 1, 2017) (failing to find "any benefit to the public from learning Doe's identity" in a case alleging sexual harassment of a minor); Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (granting pseudonymity to a minor alleging sexual abuse and noting the public has a "strong interest in protecting the identities of sexual assault victims").

Plaintiffs use of pseudonyms is also warranted because this case falls squarely within the First Circuit's paradigm analysis – specifically, the third paradigm.[1] See Doe v. Mass. Inst. of Tech., 46 F.4th at 70-71. The third paradigm "involves a case in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated." Doe v. Mass. Inst. of Tech., 46 F.4th at 71 (citation omitted) (noting that examples of this category include "cases involving 'intimate issues such as sexual activities . . . or the identity of abused minors.'"). Here, plaintiffs allege multiple instances of unwelcome sexual conduct, including attempted physical

---

[1] This case likely also falls within the first paradigm, which provides that pseudonymity should be granted for litigants who reasonably fear that disclosure of their identities will cause them "unusually severe" physical or psychological harm. Doe v. Mass. Inst. of Tech., 46 F.4th at 71. This paradigm has been applied to victims of sexual assault who were not minors. See Doe v. Unites States, No. 1:24-cv-11445-JEK, 2024 WL 4495107, *2 (D. Mass. Oct. 15, 2024) (finding the plaintiff, a transgender woman who was subjected to unwarranted sexual contact, fell within the first paradigm because of the traumatic experience of the allegations).

4

conduct. See Doc. No. 1 at pg. 4. Public disclosure of Jane Doe's identity in this case could deter similarly situated minors from disclosing harassment and from suing their alleged harassers. Thus, pseudonymity is appropriate.

Finally, plaintiffs contend that Jane Doe's parents should also be permitted to proceed using pseudonyms. Doc. 2-1 at pg. 3. The court agrees. Jane Doe and her parents share privacy interests because of the parental relationship. See J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) ("[minor plaintiff] and his parents share common privacy interests due to their intractably linked relationship"). Because Jane Doe's parents must proceed on her behalf, see Fed. R. Civ. P. 17(c), any protection that pseudonymity provides to Jane would be eviscerated unless her parents were provided the same protection. See P.M. v. Evans-Brant Central School Dist., No. 08-CV-168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008) (recognizing that "[s]ince a parent must proceed on behalf of a minor child, the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials"); Doe ex rel. Doe v. Elmbrook School Dist., 658 F.3d 710, 724 (7th Cir. 2011), vacated on other grounds, 687 F.3d 840 (7th Cir. 2012) ("identifying these adult plaintiffs also would expose the identities of their children"). Accordingly, Jane Doe's parents must remain anonymous for the purposes of maintaining Jane's anonymity.

**CONCLUSION**

For the forgoing reasons, plaintiffs' motion (Doc. No. 2) is granted. It is hereby ordered that:

1. The parties shall refer to plaintiffs by the pseudonym "Jane Doe" in reference to the minor child, "John Doe" in reference to her father, and "Jessica Doe" in reference to her mother, and all papers filed in this action, including but not limited to all judgments, orders, notices, etc., shall refer to plaintiffs' pseudonyms;

2. The parties, their attorneys, agents, and witnesses, are prohibited from disclosing and/or publishing plaintiffs' identities to any third party unless such disclosure is necessary to litigate this action; and

3. Any nonparty who is informed of plaintiffs' identities shall be provided a copy of this order by the disclosing party and shall also be subjected to this order.

SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

March 3, 2025

cc: Counsel of record