UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

JOHN DOE AND JESSICA DOE,
AS NEXT FRIEND OF THEIR MINOR CHILD,
JANE DOE

  v.                Civil No. 24-cv-00341-TSM

LAKE SUNAPEE YACHT CLUB, INC.
AND JUSTIN DAVIS

### ORDER ON DEFENDANT JUSTIN DAVIS'S PARTIAL MOTION TO DISMISS

Plaintiffs, John and Jessica Doe, as next friend of their minor child, Jane Doe, bring this employment discrimination action against Lake Sunapee Yacht Club, Inc. ("LSYC") and its employee, Justin Davis ("Davis"). Doc. No. 1. Plaintiffs allege that Jane Doe was sexually harassed at work by Davis. Id. Before the court is Davis's partial motion to dismiss (Doc. No. 13), to which Plaintiffs object (Doc. No. 16). For the reasons that follow, the motion is denied.

### LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although this standard does not impose "a 'probability requirement,'" it requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 5 (1st Cir. 2011)). The facts may be derived not only from the complaint, but also from "whatever documents are either annexed to it or fairly incorporated into it, and any relevant matters that are susceptible to judicial notice." Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005). Applying this standard to the instant case, the relevant facts are as follows.

## BACKGROUND

LSYC, a non-profit social club, operates a yacht club on Lake Sunapee during the summer season. Doc. No. 1 at ¶ 13. LSYC hires high-school and college-age students, some of whom are minors, to work in their commercial kitchen and snack bar during the summer season. Id. In June 2023, Jane Doe applied to work as a line cook in LSYC's commercial kitchen. Id. at ¶ 16. LSYC hired Jane Doe, and she worked as a line cook from June 15, 2023, to August 2, 2023.[1] Doc. No. 1 at ¶¶ 16 & 44. During her employment, she was directly supervised by Davis, LSYC's executive chef. Id. at ¶ 5.

Plaintiffs allege that Jane Doe suffered a "barrage of unwelcome sexual conduct" from Davis during her brief employment with LSYC. Id. at ¶ 19. For example, Plaintiffs allege that Davis tried to make unwanted physical contact with Jane Doe, forcing her to flee to avoid his advances. Id. at ¶ 22. Plaintiffs further allege that Davis told Jane Doe intimate details of his

---

[1] Jane Doe was 14-years-old during the relevant period. Doc. No. 1 at ¶ 16.

2

relationships with younger women.  Id. at ¶ 23.  Additionally, Plaintiffs allege that Davis suggested that Jane Doe "pursue opportunities in making pornography."  Id. at ¶ 24.

Plaintiffs allege that Jane Doe was "extremely uncomfortable" with her interactions with Davis, but she was afraid to report Davis's conduct to LSYC's management due to Davis's control over her employment.  Id. at ¶ 27.  Nevertheless, Plaintiffs allege that LSYC was aware of Davis's "inappropriate conduct" with employees because during the summer of 2023, LSYC "received numerous complaints against Davis" from other employees.  Id. at ¶ 28.  Despite its knowledge of Davis's conduct, however, Plaintiffs allege that LSYC took no action to stop Davis's unlawful behavior.  Id. at ¶ 38.

On November 28, 2023, Plaintiffs timely instituted a Charge of discrimination in the New Hampshire Commission for Human Rights ("Commission") against LSYC and Davis.  Id. at ¶ 9; Doc. No. 17-2 at pg. 3.  Although the Charge named Davis as an "aider and abettor to [LSYC]," Plaintiffs did not provide an address for Davis on the Charge form.  Doc. No. 17-2 at pg. 3.  Instead, Plaintiffs indicated that Davis's address was "Not Known."  Id.

On September 6, 2024, the Commission dismissed the Charge without prejudice.  Doc. No. 1 at ¶ 12.  Shortly thereafter, on October 10, 2024, the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue.  Id.  On October 21, 2024, Plaintiffs filed a three-count complaint in this court against LSYC and Davis.  See generally Doc. No. 1.  In their complaint, Plaintiffs allege that LSYC engaged in sex-based discrimination and harassment, in violation of state and federal law (Count I – Sex Discrimination & Harassment), id. at ¶¶ 54-60, and that Davis aided and abetted in the unlawful discrimination (Count II – Aiding and Abetting), id. at ¶¶ 61-64.  Plaintiffs also allege that both defendants engaged in "extreme, outrageous and

intentional conduct" that caused Jane Doe "extreme emotional distress" (Count III – Intentional Infliction of Emotional Distress). Id. at ¶¶ 65-69.

**DISCUSSION**

Davis moves to dismiss Count II – the aider and abettor claim brought pursuant to RSA Chapter 354-A – on the basis that Plaintiffs failed to exhaust their administrative remedies. See generally Doc. Nos. 13 and 13-1. Specifically, Davis notes that although Plaintiffs listed him as a respondent in the underlying Charge, they did not provide his contact information to the Commission. Therefore, he was never served, and he lacked the opportunity to participate in the pre-lawsuit administrative proceedings. Doc. No. 13-1 at pg. 2; see Doc. No. 17-2 at pg. 3. Davis further argues that his exclusion from the administrative proceedings bars Plaintiffs from seeking damages or other relief in this court on Count II. Doc. No. 13-1 at pg. 6.

Plaintiffs object and argue that "this Court has repeatedly recognized, plaintiffs are not required to exhaust their administrative remedies for RSA chapter 354-A aider and abettor claims brought against an individual employee because such efforts are futile under the . . . Commission's current procedure." Doc. No. 16 at pg. 1. Alternatively, Plaintiffs argue that even if exhaustion is required as to Davis, they satisfied the state-law exhaustion requirements by naming Davis in the Charge. Id. at pg. 4.

I. **Exhaustion of Administrative Remedies**

RSA Chapter 354-A prohibits "unlawful discriminatory practices," including "[a]iding, abetting, inciting, compelling or coercing another . . . to commit an unlawful discriminatory practice . . . ." RSA 354-A:2(XV)(d); RSA 354-A:7. However, prior to bringing a lawsuit under RSA 354-A, the aggrieved plaintiff must first timely file a "verified complaint in writing" with the

4

Commission, "which shall state the *name and address* of the person, employer, labor organization, employment agency or public accommodation alleged to have committed the unlawful discriminatory practice complained of and which shall set forth the particulars thereof . . . ." RSA 354-A:21, I(a) (emphasis added); see RSA 354-A:21-a. "Naming a respondent in an administrative complaint is often called a 'charging requirement,' and failure to comply with the requirement 'precludes a claim under RSA 354-A in court.'" Carney v. Town of Weare, No. 15-cv-291, 2017 WL 680384 at *6 (D.N.H. Feb. 21, 2017) (quoting Wilson v. Port City Air, Inc., No. 13-CV-129, 2013 WL 2631860, at *2 (D.N.H. June 12, 2013)).

"A plaintiff's failure to exhaust administrative remedies . . . is an affirmative defense." Carney, 2017 WL 680384 at *6 (citing McKinnon v. Kwong Wah Rest., 83 F.3d 498, 505-06 (1st Cir. 1996)). Accordingly, a plaintiff's "failure to exhaust . . . administrative remedies 'will support a motion to dismiss only where that failure is (1) definitively ascertainable from the complaint and other sources of information that are reviewable at this stage, and (2) the facts establish the affirmative defense with certitude.'" Id. (brackets omitted) (quoting Citibank Glob. Markets, Inc. v. Rodriguez Santana, 573 F.3d 17, 23 (1st Cir. 2009)).

There is no dispute in this case that Plaintiffs listed Davis as a respondent on the Charge. Doc. No. 13-1 at pg. 2; Doc. No. 16 at pg. 3. Further, there is no dispute that Plaintiffs did not provide an address for Davis on the Charge form. See Doc. No. 13-1 at pg. 7; Doc. No. 16 at pg. 3. Davis contends that by failing to include his address on the Charge form, Plaintiffs deprived him of the "required notice," and the opportunity to participate in the pre-suit administrative proceeding, which are key components of the exhaustion requirement. Doc. No. 13-1 at pg. 5. In response, Plaintiffs argue that dismissal is not warranted because any effort to exhaust administrative remedies against Davis would be futile. Doc. No. 16 at pg. 2. Plaintiffs further

contend that the fact that they included Davis's name, but not his address in the Charge, does not undermine their futility argument. Id. at pg. 3.

## II. **Futility**

"The New Hampshire Supreme Court has not had occasion to consider whether there are any exceptions to RSA 354-A's charging requirement. Federal courts, however, have concluded that Title VII's similar charging requirement 'is subject to a host of equitable exceptions.'" Carney, 2017 WL 680384, at *7 (citing Jorge v. Rumsfeld, 404 F.3d 556, 565 (1st Cir. 2005)); McKinnon, 83 F.3d at 505 (citing cases)). One such exception exists where "the failure to file an administrative charge under Title VII may potentially be excused when pursuing those remedies would be futile." Carney, 2017 WL 680384, at *7.

Although the New Hampshire Supreme Court has not determined whether RSA 354-A's charging requirement is subject to a futility exception, "the [New Hampshire Supreme] Court has declined in other contexts to require a plaintiff to exhaust administrative remedies where any exhaustion would be futile." Soderman v. Shaw's Supermarkets, Inc., No. 17-cv-076, 2017 WL 3738560, at *3 (D.N.H. Aug. 30, 2017) (citing Dembiec v. Town of Holderness, 167 N.H. 130, 133-34 (2014) (recognizing futility exception in zoning case "when further administrative action would be useless") (internal quotations omitted)). Thus, "it is at least conceivable that the [New Hampshire Supreme Court] would also recognize a futility exception to the exhaustion requirement in [RSA] 354-A cases." Id.

Here, Plaintiffs contend that it would have been futile to exhaust their administrative remedies against Davis "because the Commission's regulations appear to prohibit a complainant from naming an employee or company agent as a respondent to the administrative complaint." Doc. No. 16 at pg. 2 (quotation omitted). Based on the pleadings and the documents properly

before the court, the court cannot conclude "with certitude" that RSA 354-A's charging requirement bars Plaintiffs' claim against Davis. McKinnon, 83 F.3d at 506 (quotation omitted).

"Under the Commission's regulations, an administrative complaint must be filed on either a U.S. [EEOC] charge of discrimination form or in a 'letter that adopts the form's preprinted list of choices for identifying the respondent's relationship to the claimant.'" Soderman, 2017 WL 3738460, at *3 (quoting Carney, 2017 WL 680384, at *8 n. 11) (internal quotations omitted)); N.H. Code Admin. R. Hum. 202.02(a)-(b). Plaintiffs contend that the "available choices 'are limited to the complainant's employer, labor organization, employment agency, apprenticeship committee, or agency,'" Doc. No. 16 at pg. 3 (quoting Carney, 2017 WL 680384, at *21), and the "form 'does not provide space to name individuals charged with discrimination.'" Doc. No. 16 at pg. 3 (quoting Wilson, 2017 WL 680384, at *2). Thus, "[w]hen these regulations are construed together, it is clear that plaintiffs have no legal mechanism for alleging aider and abettor claims against an individual in the Commission." Doc. No. 16 at pg. 3. Therefore, Plaintiffs argue that the court "should conclude that [they] were not required to exhaust their administrative remedies to bring Count II against . . . Davis." Id.

In support of their argument, Plaintiffs rely on three earlier decisions in this district: 1- Carney, "where Judge McCafferty found that the pre-printed list of choices made it futile for the plaintiff to seek administrative remedies against an individual," Soderman, 2017 WL 3738460, at *3 (citing Carney, 2017 WL 680384, at *7-8 & n.11); 2- Soderman, where Judge Barbadoro "cited Carney approvingly" and concluded "that 'there is at least a reasonable possibility that the New Hampshire Supreme Court would find a claim against an individual is not barred by the administrative exhaustion requirement' simply because that individual was not named in the administrative complaint," Censabella v. Town of Weare, No. 16-cv-490, 2017 WL 3917154, at

*6 (D.N.H. Sept. 6, 2017) (quotations, citations, and brackets omitted); and 3- Censabella, where Judge Johnstone, persuaded by the analysis in both Carney and Soderman, declined to dismiss the plaintiff's aiding and abetting claim where the plaintiff did not name the individual as a respondent in her charge of discrimination in the Commission.  Id. at *6-7; see Doc. No. 16 at pgs. 2-3.

     Despite these prior decisions, Davis argues that "an examination of the Commission's procedures and forms in December 2023 . . . against the statute (RSA 354-A), along with consideration of the fact that [Plaintiffs] actually named Mr. Davis in [their] Charge . . . leads to a different conclusion" in this case.  Doc. No. 17 at pg. 1.  Specifically, Davis argues that neither the plain language of the statute nor the Commission's regulations prohibit claims against individuals.  Instead,  Davis contends that the statutory language contemplates that a complaint may be filed in the Commission against an individual.  Doc. No. 17 at pg. 2; see RSA 354-A:21, I (a) (emphasis added) (directing an "aggrieved" person  to identify the "name and address of the *person* . . . alleged to have committed the unlawful discriminatory practice complained of . . . .").  Davis further argues that the Commission's regulations contemplate multiple respondents, Doc. No. 17 at pg. 3 (citing Hum. 202.02(b)), and that a respondent can be "a natural person." Doc. No. 17 at pg. 3 (citing Hum. 201.01(n).[2]  Additionally, Davis contends that in Fuller, the New Hampshire Supreme Court "rejected a statutory interpretation that treated an individual employee alleged to have committed an unlawful discriminatory practice differently than the employer precisely because that different treatment is plainly inconsistent with the stated intent of RSA chapter 354-A to eliminate and prevent discrimination in employment." Doc. No. 17 at pg. 2 (quotations

---

[2] Davis also argues that his reading of the Commission's rules is supported by the Commission's online fillable "Complaint Form," which asks for "The name of Employer and/or Individuals" in the section of the form identifying who "I wish to file a charge against."  Doc. No. 17 at pg. 4 (quotation marks omitted); Doc. No. 17-1.

omitted) (citing U.S. Equal Emp. Opportunity Comm'n v. Fred Fuller Oil Co., Inc., 168 N.H. 606, 611 (2016)). Davis also notes that the Commission "regularly accepts and adjudicates cases against the employer and the person who aided and abetted the employment discrimination." Doc. No. 17 at pgs. 4-5 (citing Commission cases).

However, as Judge Barbadoro explained in Soderman, "even after Fuller, the regulations appearing to bar [plaintiff] from naming [defendant] remain in force, regardless of whether the Commission accepts such complaints in practice." Soderman, 2017 WL 3738460, at *3. This court finds no basis to stray from the sound reasoning in Carney, Soderman, and Censabella. Accordingly, the court concludes "there is at least a reasonable possibility that the New Hampshire Supreme Court would find that the claim against [Davis] is not barred by the administrative exhaustion requirement" where Davis's name, but not address,³ was included on the Charge. Id.; see Petition of Reddam, 170 N.H. 590, 596 (2018) ("We have recognized that the exhaustion of administrative remedies doctrine is flexible, and that exhaustion is not required under certain circumstances").

Accordingly, because the "complaint and other sources of information that are reviewable at this stage" do not "establish the affirmative defense [of failure to exhaust] with certitude," Carney, 2017 WL 680384 at *6 (cleaned up), Davis's motion to dismiss is denied on this basis, and the court need not address Plaintiffs' alternative argument.

---

³ The parties both acknowledge that the Commission regulations provide that where the complaint "does not include all of the information," such as the contact information, then the commission will "contact the complainant and assist the complainant in providing the required information." NH Admin. R. Hum 202.02 (c); see Doc. No. 13-1 at pg. 7; Doc. No. 16 at pg. 3. Further, both parties acknowledge that there is no controlling authority that speaks to the Commission's obligation vis-à-vis a plaintiff's exhaustion obligation. See id.

## CONCLUSION

Accordingly, for the forgoing reasons, Davis's motion (Doc. No. 13) is denied.

SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

September 30, 2025

cc:     Counsel of record